1

Michael A. Bliven

2
Kraig W. Moore
Bliven & Evans, Trial Lawyers, PC

3
278 Fourth Avenue E.N.
Kalispell, MT 59901

4
Telephone: (406) 755-6828

5

Attorneys for Plaintiffs

6

CLERK OF DISTRICT COURT

2016 DEC 14  PM 4: 39

FILED

BY _____
        DEPUTY

7    **MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY**

8    **HSIU LAN NELSON & LEE H. NELSON,**

9                                    Plaintiffs,

10                        v.

11   **STATE FARM MUTUAL AUTOMOBILE**
     **INSURANCE COMPANY OF ILLINOIS,**
12   **d/b/a STATE FARM INSURANCE, JOHN**
     **DOES 1-3**
13

14                                    Defendant.

15

Cause No. DV-16-1051B

**ROBERT B ALLISON**

**COMPLAINT, REQUEST FOR**
**DECLARATORY JUDGMENT**

16

17   **COMES NOW,** Plaintiffs, Hsiu Lan Nelson and Lee H. Nelson, and hereby complain and allege

18   as follows, based upon information and belief:

19   1.    Jurisdiction for this cause lies within the State of Montana, in that the collision and

20         injuries, which are the subject of this Complaint, occurred within the State of Montana.

21   2.    This cause arises from a motor vehicle collision involving Plaintiff, Hsiu Lan Nelson

22         (hereinafter "Ms. Nelson"), which occurred on or about August 24, 2014.

23   3.    At all material times herein, Defendant, State Farm Mutual Automobile Insurance

24         Company of Illinois, doing business as State Farm Insurance (hereinafter "State Farm"),

25         sold insurance policies and collected premiums for those policies doing business in the

26

27

28

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

state of Montana, and subject to the laws of Montana. All insurance policies at issue were sold within the State of Montana to Montana citizens and residents.

4.    John Does 1-3 are unknown entities what have been responsible, if any, for the underwriting policies of State Farm that are issue in this case, as well as their claims handling and practices.  "State Farm" is a corporation, or group of companies and corporations, with many entities and structures, which are unknown to Plaintiff.  These various entities may be responsible for the handling of the claim and the issues in this Complaint, and to the extent necessary for Plaintiff to seek full legal redress, she names Does 1-3 for potential substitution as real parties for State Farm entities.

5.    At all material times, Plaintiffs were residents of Flathead County, Montana.

6.    At all material times, Defendant State Farm insured Plaintiffs, Hsiu Lan Nelson and Lee H. Nelson up until the Defendant gave notice to cancel the policy on February 29, 2016, with a noticed cancellation date of May 5, 2016. A copy of that letter is enclosed as **Exhibit 2**.

7.    At all material times, the owner of the vehicle that struck Ms. Nelson, Mariah Albertus (hereinafter "Albertus"), was a resident and licensed to drive in the State of Montana.

8.    At all material times, the driver of the vehicle that struck Ms. Nelson, Omar Arocena (hereinafter "Arocena"), was a resident and licensed to drive in the State of Montana.

9.    At all material times herein, Albertus was insured.

10.    At all material times, driver, Ms. Nelson, was a resident of the State of Montana, and licensed to drive in the State of Montana.

11.    At all material times herein, Plaintiffs had purchased underinsured motorist insurance

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

COMPLAINT, REQUEST FOR DECLARATORY JUDGMENT
PAGE 2

from Defendant State Farm.

12. Pursuant to *Augustine*, with State Farm's permission, the auto insurer paid Arocena's/Albertus' minimum state required policy limits of $25,000.00, and Ms. Nelson proceeded with her underinsured motorist claim with State Farm.

## COUNT I

## NEGLIGENCE

12. Plaintiff re-alleges the allegations contained in paragraphs 1 through 11.

13. On or about August 24, 2014, Plaintiff Hsiu Lan Nelson was driving her motor vehicle eastbound on U.S. Highway 40 in Columbia Falls, Montana. Mr. Omar Arocena was traveling westbound on U.S. Highway 40, in a vehicle owned by Albertus, and made an initial attempt to turn left onto southbound U.S. Highway 2. He suddenly and inexplicably straightened out, abandoning his turn and drove directly towards Ms. Nelson. Despite Ms. Nelson's best efforts to avoid Arocena, he collided with her vehicle and caused serious injuries. The Montana Highway Patrol administered an alcohol breath test on Arocena, which was positive, and cited Arocena for careless driving.

14. Arocena owed Plaintiff, Ms. Nelson, a duty to exercise reasonable care in the operation of a motor vehicle.

15. On or about August 24, 2014, Arocena negligently and carelessly operated a motor vehicle in or near Columbia Falls, Montana, causing serious bodily injury to Ms. Nelson. A copy of the Crash Investigator's Report is attached as **Exhibit 1**.

16. On or about August 24, 2014 Arocena drove a motor vehicle when he was under the influence of alcohol.

    a.    Arocena failed to pay attention to his surroundings.

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

b.    Arocena failed to operate his vehicle with proper control under the conditions.

19.    Arocena's negligence was the actual and proximate cause of the collision and serious injuries to Ms. Nelson.

20.    The collision and injuries sustained by Ms. Nelson were caused solely by the negligence of Arocena without any negligence on the part of Ms. Nelson contributing thereto.

21.    Ms. Nelson has suffered injuries and incurred special damages as a result of Arocena's negligence as follows:

a.    Ms. Nelson has required medical treatment and anticipates the need for present and future medical treatment, including urgent and reasonably necessary surgery for spinal cord compression.

b.    Ms. Nelson has incurred expenses for medical treatment resulting from the collision and will incur additional medical expenses in the future.

c.    Ms. Nelson has and will suffer past, present, and future physical pain and suffering resulting from collision injuries.

d.    Ms. Nelson has and will suffer inconvenience as a result of her collision injuries, physical limitations, and pain.

e.    Ms. Nelson has lost wages as a result of the above collision and will continue to lose wages.

f.    Ms. Nelson has suffered loss of her established course of life damages in that many of her normal well established activities have been restricted and will continue to be restricted.

g.    Ms. Nelson has suffered loss of household services due to the collision

1

2

and will continue to lose the services.

h.    Ms. Nelson has suffered and incurred other incidental and consequential damages.

i.    Ms. Nelson has suffered a loss in her earning capacity.

j.    Ms. Nelson has suffered other economic damages.

k.    To the extent the Defendant claims that any pre-existing conditions are responsible for Ms. Nelson's conditions, symptoms, limitations, and damages, Ms. Nelson claims they were worsened/accelerated or otherwise unrelated and are unable to be apportioned.

22.    Upon information and belief, Ms. Nelson has suffered injuries resulting from the collision, which will result in permanent limitations and require permanent, or at the very least, long-term medical treatment.

23.    Ms. Nelson has endured pain and suffering for which she is entitled to compensation under Montana Law.

## COUNT II

## NEGLIGENCE PER SE

24.    Plaintiffs re-allege the allegations contained in paragraphs 1 through 23.

25.    That Arocena, in the operation of a motor vehicle, failed to operate the motor vehicle in a careful and prudent manner under the circumstances and violated Sec. 61-8-302, MCA.

26.    That Arocena, in the operation of a motor vehicle, failed to operate the vehicle with reasonable care, in violation of Sec. 27-1-701, MCA.

27.    That Arocena drove a motor vehicle while under the influence of alcohol in violation of Sec. 61-8-401, MCA.

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

28.    That Arocena violated said statutes, which are highway safety laws intended to prevent collisions and injuries of the type suffered by Ms. Nelson.

29.    That Arocena's violations of the statutes were the actual and proximate cause of Ms. Nelson's damages and injuries heretofore described.

## COUNT III

## REQUEST FOR DECLARATORY JUDGMENT

30.    Plaintiffs hereby re-allege the allegations set forth in paragraphs 1 through 29.

31.    Plaintiffs, pursuant to Sec. 27-8-201, MCA *et. seq.*, and Rule 57 M.R.Civ.P, bring this action for declaratory judgment for the Court to declare that Defendant State Farm has to pay for Plaintiffs' expenses in excess of the at-fault's and owner's insurance policy limits.

      a.    Plaintiffs, pursuant to Rule 57 M.R.Civ.P., further ask this Court to order speedy hearing for Ms. Nelson's Request for Declaratory Judgment, as Ms. Nelson requires additional treatment resulting from this collision, including, but not limited to surgical repair of her injured spine. (See **Exhibit 3**).

32.    Plaintiffs request this Honorable Court to declare that Defendant State Farm is obligated to make necessary payment of economic damages to Plaintiffs pursuant to the Montana Supreme Court's holdings in *Ridley v. Guaranty National Insurance* (1997), 286 Mont. 325, 951 P.2d 987; *Dubray v. Farmers Insurance Exchange* (2001), 307 Mont. 134, 36 P.3d 897; *Watters v. Guaranty National Insurance Co.* (2000), 2000 MT 150, 3 P.3d 626; and *Shilhanek v. D-2 Trucking, Inc.* (2003), 2003 MT 122, 70 P.3d 721.

33.    Plaintiffs have made repeated requests for Defendant State Farm to pay all the benefits

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

1
2
3
4
5

Plaintiffs are entitled to pursuant to: *Ridley v. Guaranty National Insurance* (1997), 286 Mont. 325, 951 P.2d 987; *Hardy v. State Farm*, 2003 MT 85 (Mont. 2003); *Dempsey v. Allstate*, 2004 MT 391 (Mont. 2004); and *Swanson v. Hartford*, 2002 MT 81 (Mont. 2002).

6    34.    Ms. Nelson requires additional treatment.

7
8    35.    Ms. Nelson has been impaired in her ability to perform or sustain her customary work and has a loss of earning capacity.

9
10
11
12    36.    Defendant State Farm is obligated to pay for medical expenses if treatment is reasonable and necessary pursuant to Med Pay provisions of the policy.   State Farm has done so on the medical payments coverage.

13
14    37.    Defendant State Farm has failed to accept liability in this action, failed to affirm coverage in a timely fashion, and liability and damages are reasonably clear.

15
16
17
18
19
20    38.    Plaintiffs have made repeated requests to Defendant State Farm for payments under the Med Pay portions of the policy, and *Ridley*, *Watters, Shilhanek*, and *Dubray* and other Montana law, which were due without condition or release. State Farm delayed payment under the Med Pay policy, but ultimately made payment of benefits upon receipt of reports demonstrating the need for surgery caused by the collision.

21
22          a.    State Farm continued to deny and continues to deny causation without a reasonable basis on the UIM policy.

23
24
25
26    39.    Defendant State Farm failed to acknowledge receipt of damages and requests for payment, respond to Plaintiffs' requests, assist Plaintiffs with their claim, or provide an explanation timely.

27
28    40.    Ms. Nelson is an innocent victim of an automobile collision and will suffer the kind of hardship and devastation to her income and health as addressed by Montana law.

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

**COMPLAINT, REQUEST FOR DECLARATORY JUDGMENT**
**PAGE 7**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

41.   Ms. Nelson is unable to undergo urgent and reasonably necessary surgery without Defendant State Farm's payment of medical costs.

42.   Defendant State Farm has failed to pay under the above case without condition or release. In fact, State Farm refused to make payment after it has clearly been established that Ms. Nelson has additional wage loss and economic damages.

43.   Defendant State Farm has failed to make payment under the UIM coverage in the policy, based upon alleged unclear causation, even though they made payment under the Med Pay portion of the policy.

44.   Plaintiffs ask the Court to declare Defendant State Farm, in breach of contract and reform the policy or invalidate the "duplicate payments" provision of the policy as inconsistent with Montana law, including any provision that claims that State Farm has an offset for Med Pay without regard for whether the insured has been made whole.

45.   Defendant State Farm has either sold policies with illusory coverage to its insureds or has failed to provide coverage for which it sold policies and coverage.

46.   Defendant State Farm has paid pursuant to *Ridley* and *Dubray* under similar circumstances as presented in this case.

47.   Montana public policy favors adequate compensation for motor vehicle crash victims. Public policy considerations invalidate contractual "anti-stacking" provisions and workers' compensation offset language that are in an underinsured motorist endorsement.

    a.   Plaintiffs paid a premium for underinsured motorist coverage for a policy insuring two vehicles. The amount of the premium reflects underinsured motorist coverage for two vehicles, and regardless of whether the insurer claims only one premium was paid, the amount reflects valuable consideration for two vehicles.

    b.   An insurer may not place in an insurance policy a provision that defeats coverage

1
2
3

for which the insurer has received valuable consideration. *Bennett v. State Farm Mutual Auto Ins. Co.* (1993), 261 Mont. 386, 862 P.2d 1146.

4
5
6
7

c. Despite receiving valuable consideration from Plaintiffs for premiums paid for medical payments and underinsured motorist coverage covering at least two vehicles listed in the policy or policies, Defendant refused to stack coverage claiming only one premium had been paid and denying other coverages.

8
9
10
11
12
13

d. Plaintiffs request that this Court declare that Defendant, by refusing to stack the underinsured motorist coverage for each vehicle listed in the policy and polices for which premiums were paid, violates Montana public policy favoring adequate compensation for collision victims and violates the reasonable expectations of the Plaintiffs as first party insureds.

14
15
16
17
18
19
20
21
22

e. The Montana Supreme Court has consistently required insurers to stack underinsured or uninsured motorist protection, for which premiums were paid, and not reduce UM or UIM coverage by Med Pay coverage. See, e.g., *Kemp v. Allstate Ins. Co.* (1979), 183 Mont. 526, 812 P.2d 847; *Sayers v. Safeco Ins. Co.* (1981), 192 Mont. 336, 628 P.2d 659, 662; *Grier v. Nationwide Mutual Ins. Co.* (1991), 248 Mont. 457, 812 P.2d 347, 348 ("This Court has been consistent in invalidating insurance contract clauses wherein the insurer attempts to limit its liability for uninsured motorist coverage").

23
24
25
26
27
28

f. Plaintiffs request that this Honorable Court declare that Defendant State Farm is obligated to stack uninsured and underinsured motorist coverage. Plaintiffs paid valuable consideration for each car, and an insurer is prohibited from charging valuable consideration for coverage that is not provided pursuant to the Montana Supreme Court's holdings in *Hardy v. Progressive* (2003), 315 Mont. 107, 67 P.3d

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

892, and *Mitchell v. State Farm* (2003), 315 Mont. 281, 68 P.3d 703.

  g. In any case, policy conditions could not have been changed without adequate notice, and Plaintiffs ask the Court to invalidate policy provisions relied upon by Defendant State Farm. *See Robertus v. Farmers Union Mut. Ins. Co.*, 2008 MT 207, ¶¶ 26-27, 41.

48. Plaintiffs request that the Court enter judgment against Defendant State Farm on the above issues, and order them to make payment of damages previously submitted to Defendant State Farm but not paid to Plaintiffs, without condition or release.

## COUNT IV

## BREACH OF CONTRACT

49. Plaintiffs hereby re-allege the allegations set forth in paragraphs 1 through 48.

50. Plaintiffs paid valuable consideration for underinsured motorist coverage.

51. Plaintiffs paid valuable consideration for med pay coverage.

52. Plaintiffs have made repeated requests for payments from Defendant State Farm under *Ridley* and payment was due without condition or release.

53. Plaintiffs paid separate consideration to Defendant State Farm for underinsured coverage and for Med Pay coverage.

54. Plaintiffs have made repeated requests for Defendant State Farm to make payments to Plaintiffs for medical expenses under the underinsured motorists portion of the policy pursuant to Montana law, including *Dempsey v. Allstate*, 2004 MT 391 (Mont. 2004).

55. Plaintiffs have made repeated requests for Defendant State Farm to pay all the benefits Plaintiffs are entitled to pursuant to *Hardy v. Progressive*, 2003 MT 85 (Mont. 2003); *Dempsey v. Allstate*, 2004 MT 391 (Mont. 2004); and *Swanson v. Hartford*, 2002 MT 81 (Mont. 2002).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

56.   Defendant State Farm has failed to pay under the above case without condition or release. In fact, State Farm has been unresponsive to payment requests after it has clearly been established that Ms. Nelson has additional wage loss and economic damages. State Farm has also defacto denied coverage for Med Pay or UIM, relying upon claimed policy provisions, and has cancelled Plaintiffs' policy in violation of Sec. 61-6-103(6), MCA.

57.   Defendant State Farm's failure to make payments due under the policy has caused Ms. Nelson irreversible and irreparable harm by preventing her from receiving urgent and reasonably necessary surgery.

58.   Plaintiffs request that the Court enter judgment against Defendant State Farm on the above issues and order them to make payment of damages previously submitted to Defendant but not paid to Plaintiffs, without condition or release or "offset" or self-subrogation.

## COUNT V

## COMMON LAW BAD FAITH (FOR BIFURCATION)

59.   Plaintiff hereby re-alleges the allegations set forth in paragraphs 1 through 58.

60.   Defendant State Farm neglected to attempt in good faith to effectuate prompt, fair, and equitable settlement of Plaintiffs' claim in this case where liability has become reasonably clear.

61.   Defendant State Farm violated its duties to Plaintiff by failing to effectuate prompt and fair settlements once liability became reasonably clear.

62.   Defendant State Farm has made it a pattern of its practices and behavior in handling and adjusting the claim of its insureds, Hsiu Lan and Lee Nelson, to violate Sec. 33-18-201, MCA; Sec. 33-18-242, MCA; and its common law duties of good faith and fair dealing

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT
PAGE 11

and fiduciary duties with its insureds, by continuing to deny payments when proof of damages has been well established and properly submitted not consistent with its fiduciary duties to its insured and Sections 33-18-201 and 242, MCA, and in violation of the reasonable expectations of the insureds and the Defendant's own advertising representations and promises.

63.    Defendant State Farm has adopted policies and procedures in handling Montana insurance claims that involve delay tactics of requesting irrelevant information, failing to acknowledge proof of losses or requests for payment, failing to respond timely or with substance, and failing to pay amounts due to its insureds, and has done so in this matter and continues to do so. Defendant State Farm's handling of Montana claims is currently the basis of litigation within the state in other cases.

64.    For all of the unreasonable reasons stated in this Complaint, Defendant State Farm's actions constitute fraud and/or malice, and it should be required to pay exemplary damages in accordance with Sec. 27-1-221, MCA.

## COUNT VI

## UNFAIR CLAIM SETTLEMENT PRACTICES AND BREACH OF FIDUCIARY

## DUTIES

65.    Plaintiff hereby re-alleges the allegations set forth in paragraphs 1 through 64.

66.    Defendant State Farm has engaged in numerous violations of its fiduciary duties and common law duties to its insureds as set forth in greater detail herein.

67.    Defendant Sate Farm owed a duty not to misrepresent the facts pertinent to Plaintiffs' UIM policy coverage.

68.    Defendant State Farm owed a duty to effectuate prompt and fair settlements once liability

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

became reasonably clear.

69.  Defendant State Farm cancelled Plaintiffs' policy on February 29, 2016, listing the Med Pay claims and UIM claims (no fault claims) resulting from the motor vehicle crash in this matter, as the basis for the cancellation, in violation of Sec. 61-6-103(6), MCA.

70.  Plaintiffs have been injured by Defendant State Farm's improper actions.

## COUNT VII

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

71.  Defendant State Farm has failed to acknowledge correspondence, make payment or process Plaintiffs' claims for underinsured motorist coverage or med pay benefits causing Plaintiffs emotional distress, including pain while sitting and working, and stress with her inability to have needed surgery, and State Farm's ongoing denial and failure to pay.

**WHEREFORE,** Plaintiffs pray for judgment against Defendant State Farm as follows:

1.  For all general and compensatory damages proved and awarded by the jury or court;

2.  For all special damages proved and awarded by the court;

3.  For all other damages allowed by law and awarded by the court;

4.  For Plaintiffs' costs and disbursements in this action; and

5.  For such other and further relief as the Court deems just and equitable under the circumstances.

**WHEREFORE,** Plaintiff prays for judgment against Defendant State Farm regarding Requests for Declaratory Judgment pursuant to Sec. 33-18-201, Sec. 37-61-420, and Sec. 27-8-201, MCA, as follows:

1.  That the Court declare that Defendant State Farm must stack underinsured motorist coverage for each vehicle and provide full coverage.

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**
**PAGE 13**

2. That the Court declare Defendant State Farm's responsibility to pay for all damages, including reasonable attorneys fees, which have resulted from its untimely denial of payment for any and all policy provisions.

3. That the Court declare Defendant State Farm's responsibility to make payment of medical treatment expenses and wage loss and other economic damages expenses. Payment shall include reasonable attorneys fees, which have resulted in State Farm's denial of payment under the policy provisions for med pay and/or UIM coverage, and requests made pursuant to Montana law, including *Ridley, Dubray, Watters, and Shilhanek* and Sec. 33-18-201 MCA.

4. That the Defendant be required to effectuate a fair, equitable, and prompt settlement as to the additional damages set forth herein; and

5. For Plaintiffs' reasonable attorney fees and costs as provided under Montana law including Sec. 27-8-313, MCA, and *Renville, Buxbaum, and Brewer*.

6. For pre-judgment interest at the rate of 10% per annum and post-judgment interest at the rate of 10% per annum.

7. For such other and further relief as the Court deems just and equitable under the circumstances.

Dated: December 14, 2016

BLIVEN & EVANS TRIAL LAWYERS P.C.

By: _____
   Michael A. Bliven
   278 Fourth Avenue East North
   Kalispell, MT 59901
   Attorneys for Plaintiff

**COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**
**PAGE 14**

BLIVEN & EVANS
TRIAL LAWYERS P.C.
KALISPELL, MT 59901